UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS Holistic, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>Shaibi Abdulqawi d/b/a J's Smoke Shop and Shaibi Abdulqawi,<br><br>                Defendants. | No. 1:23-cv-00286-KJM-CSK<br><br>ORDER |

      Plaintiff GS Holistic, LLC moves for leave to file a second amended complaint in this trademark action. No opposition was filed, and no defendant has appeared in this action. For the reasons set forth below, the court **grants** the motion.

      Plaintiff originally filed this action in February 2023 against J's Smoke Shop d/b/a J's Smoke Shop and John Doe. *See generally* Compl., ECF No. 1. Plaintiff subsequently filed a motion to amend the complaint to substitute the John Doe defendant. First Am. Mot., ECF No. 11. The motion was granted, *see* Prior Order (July 14, 2024), ECF No. 14, and plaintiff filed a first amended complaint, *see generally* First Am. Compl., ECF No. 15. Later, plaintiff filed a motion for default judgment against all defendants. *See* Default J. Mot., ECF No. 30. The motion was denied because plaintiff's allegations were insufficient for the purposes of default

1    judgment.  *See* Prior Order (Mar. 8, 2024) at 6,[1] ECF No. 34.  Plaintiff then filed the instant
2    motion to amend the complaint.  *See* Second Am. Mot., ECF No. 36.  The court submitted the
3    motion without a hearing as provided under Local Rule 230(g).  Min. Order (July 3, 2024), ECF
4    No. 39.

5    Rule 15 permits a party to amend its complaint with the court's permission.  *See* Fed. R.
6    Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  The Ninth
7    Circuit has long "stressed Rule 15's policy of favoring amendments" and has "applied this policy
8    with liberality."  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).
9    Requests to amend are ordinarily denied only when they will result in undue delay or prejudice,
10   when they are sought in bad faith, when a plaintiff has repeatedly failed to cure deficiencies, or
11   when amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

12   Here, plaintiff argues the Rule 15 standard is met and the court agrees.  *See* Second Am.
13   Mot. at 2. There is no indication the amendment would result in prejudice, as defendants have yet
14   to appear, and there are no facts to indicate the amendment is sought in bad faith.  Further, this is
15   plaintiff's first attempt to cure deficiencies identified by the court.  Finally, "[c]ourts within this
16   District and Circuit often defer assessments of a proposed amendment's legal substance until after
17   those amendments are filed and a defendant formally moves to dismiss."  *Est. of Thomas v. Cnty.*
18   *of Sacramento*, No. 20-00903, 2021 WL 5280991, at *2 (E.D. Cal. Nov. 12, 2021) (collecting
19   cases).  Accordingly, the court **grants** the motion to amend.  An amended complaint shall be filed
20   within **seven (7) days of the filing date of this order**.

21   This order resolves ECF No. 36.

22   IT IS SO ORDERED.

23   DATED: August 22, 2024.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.