UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>SHAIBI ABDULQAWI, individually and d/b/a J'S SMOKE SHOP,<br><br>            Defendant. | Case No. 1:23-cv-00286-KJM-CSK<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 45) |

Plaintiff GS Holistic, LLC asserts claims for "Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114" and "Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)" against Defendant Shabibi Abdulqawi, individually and d/b/a J's Smoke Shop, seeking monetary damages, restitution, an injunction, and other relief. Second Amended Complaint ("SAC") (ECF No. 41). Defendant has not made an appearance in this action, and a Clerk's Default was entered on January 22, 2025. (ECF No. 44.) Presently pending before the Court is Plaintiff's second motion for default judgment (ECF No. 45), which was taken under submission without argument pursuant to Local Rules 230(c) and (g).[1] For the reasons stated below, the Court recommends Plaintiff's second motion for default judgment be DENIED.

---

[1] This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

1

## I. BACKGROUND

### A. Factual Background

The SAC alleges that since 2020, Plaintiff has marketed and sold glass infusers and related accessories using the well-known "Stündenglass" trademark. SAC ¶ 6. Plaintiff is the rightful owner of three federally registered trademarks: (1) U.S. Trademark Registration Number 6,633,884 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 011"; (2) U.S. Trademark Registration Number 6,174,292 for "the design plus words mark 'S' and its logo in association with goods further identified in the registration in international class 034"; and (3) U.S. Trademark Registration Number 6,174,291 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 034."[2] SAC ¶ 10.

Plaintiff has used the Stündenglass trademarks in commerce continuously throughout the United States since 2020. SAC ¶ 12. Plaintiff alleges the Stündenglass trademarks are "distinctive to both the consuming public and the Plaintiff's trade" and that products branded with these trademarks are made from "superior materials" that are "readily apparent to consumers" and "industry professionals." *Id*. ¶ 13. Plaintiff alleges the trademarks are exclusive to it and appear clearly on its products, packaging and advertisements and that it has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting its trademarks. *Id*. ¶¶ 14, 16. Plaintiff alleges it has 3,000 authorized stores in the United States, including in California, selling its products using the Stündenglass trademarks and

---

[2] The Nice Agreement establishes a classification of goods and services for the purposes of registering trademarks and service marks. Class 11 goods include "apparatus and installations for lighting, heating, cooling, steam generating, cooking, drying, ventilating, water supply and sanitary purposes." Class 34 goods include "tobacco and tobacco substitutes; cigarettes and cigars; electronic cigarettes and oral vaporizers for smokers; smokers' articles; matches." *See* List of Goods and Services in Class Order, Nice Classification Index, accessed July 16, 2025, available at https://nclpub.wipo.int/enfr/.

reaching a vast array of consumers throughout the country. *Id.* ¶ 19. Plaintiff alleges its products using the Stündenglass trademarks have a higher sales value than non-Stündenglass branded products and because of this, its products are targeted by counterfeiters. *Id.* ¶¶ 20-21.

The SAC alleges Defendant has, and continues to, offer for sale counterfeit products using the Stündenglass trademarks, including reproductions, counterfeits, copies and/or colorable imitations of one or more of the Stündenglass trademarks, without the consent of Plaintiff. SAC ¶¶ 25-27. Specifically, the SAC alleges that on October 17, 2022, Plaintiff's investigator "purchased a Glass Infuser with Stündenglass [tradem]arks affixed to it" from Defendant for $349.99 and that "it was a Counterfeit product in that it displayed" the three Stündenglass trademarks. *Id.* ¶ 30. Plaintiff alleges Defendant's "Counterfeit Good contained all three of [Plaintiff's] [trade]marks" and that Defendant's use of the "Counterfeit [trademarks] is "substantially indistinguishable" or "identical" to Plaintiff's trademarks. *Id.* ¶ 31. Plaintiff further alleges Defendant Abdulqawi as an individual "authorized, directed, and/or participated in" Defendant's "offer for sale, in commerce, of the Counterfeit Goods" and that Defendant Abdulqawi's "acts were a moving, active, and conscious force behind" Defendant's infringement of the Stündenglass trademarks. *Id.* ¶ 33. Plaintiff alleges the use of the counterfeit good "began after the registration of the Stündenglass trademarks" without the consent of Plaintiff. *Id.* ¶ 34.

Plaintiff contends it has suffered losses and damage to the goodwill and reputation of its trademarks because of Defendant's acts, which "was, and is, likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods." SAC ¶¶ 36-37, 44-46. Plaintiff prays for statutory and treble damages; costs; an order enjoining Defendant's sale of any counterfeit product using Plaintiff's Stündenglass trademarks and an order for destruction of products bearing the Stündenglass trademarks; and an accounting and disgorgement of profits/restitution, among other relief. SAC at 13-15.

## B. Procedural Posture

Plaintiff filed a complaint on February 25, 2023, asserting claims against J's Smoke Shop d/b/a J's Smoke Shop and John Doe for Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114 and Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a). Compl. (ECF No. 1.) On June 16, 2023, Plaintiff filed a motion to amend the complaint pursuant to Federal Rules of Civil Procedure 15. (ECF No. 11.) On July 12, 2023, Plaintiff requested the entry of default as to J's Smoke Shop, which the Clerk of the Court entered on the same day. (ECF Nos. 12, 13.) On July 14, 2023, the assigned magistrate judge granted Plaintiff's motion to amend and ordered Plaintiff to file an amended complaint within five (5) days of service of the order. (ECF No. 14.) On the same day, Plaintiff filed the First Amended Complaint against Defendants Shaibi Abdulqawi d/b/a J's Smoke Shop and Shaibi Abdulqawi, asserting the same claims as its initial complaint. (ECF No. 15.) On September 6, 2023, Plaintiff requested the entry of default as to Shaibi Abdulqawi, which the Clerk of the Court entered on September 7, 2023. (ECF Nos. 22-23.) On September 7, 2023, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rules of Civil Procedure 41(a) as to J's Smoke Shop d/b/a J's Smoke Shop. (ECF No. 24.) On September 8, 2023, the Court directed the Clerk of the Court to terminate J's Smoke Shop from this action pursuant to Plaintiff's notice of dismissal. (ECF No. 25.) After being ordered by the district judge to file a declaration as to the status of the case or file a motion for default judgment on October 4, 2023, Plaintiff filed its motion for default judgment on October 9, 2023. (ECF Nos. 27, 28.) On October 10, 2023, the district judge directed Plaintiff to comply with Local Rules 302(c)(19) and 230(a), and re-notice the motion for default judgment before the assigned magistrate judge. (ECF No. 29.) On October 17, 2023, Plaintiff filed a motion for default judgment before the assigned magistrate judge. (ECF No. 30.) On March 11, 2024, Magistrate Judge Carolyn K. Delaney denied without prejudice Plaintiff's motion for default judgment. 3/11/2024 Order (ECF No. 34.) The March 11, 2024 Order denied Plaintiff's motion for default judgment for failure to satisfy the second

4

and third *Eitel* factors because the First Amended Complaint ("FAC") did not sufficiently allege the elements for Defendants' use of Plaintiff's trademarks and the likelihood of confusion required to establish claims for trademark infringement and false designation of origin. 4/10/2023 Order at 3-6.

On May 7, 2024, Plaintiff filed a motion to amend, which the district judge granted on August 22, 2024, and Plaintiff was ordered to file its amended complaint with seven (7) days of the filing date of the order. (ECF Nos. 36, 38, 40.) Plaintiff filed the operative Second Amended Complaint on August 22, 2024 against Defendant Shabibi Abdulqawi, an individual and d/b/a J's Smoke Shop alleging the same claims as its prior claims in the First Amended Complaint. *Compare* SAC, *with* FAC.

On January 16, 2025, Plaintiff requested entry of default as to Defendant Abdulqawi, which was entered by the Clerk of the Court on January 22, 2025. (ECF Nos. 43, 44.) On January 27, 2025, Plaintiff filed the pending motion for default judgment. Pl. Second Mot. Defendant was served with the motion for default judgment on January 28, 2025. Pl. Second Mot. at 29. A hearing was set on the motion before the undersigned and later reset on the Court's own motion for March 18, 2025. (ECF Nos. 45, 46.) Defendant did not respond to the motion for default judgment. *See* Docket. On February 28, 2025, the undersigned issued an order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendant Abdulqawi by March 14, 2025; and directing Plaintiff to serve Defendant with a copy of the order. (ECF No. 48.) A copy of the February 28, 2025 order was served on Defendant by mail on March 11, 2025. (ECF No. 49.) Defendant did not respond. *See* Docket.

**II.     LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny

5

the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

///

## III. DISCUSSION

### A. Jurisdiction

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal trademark law, 15 U.S.C. § 1051, *et seq*. In addition, the Court has personal jurisdiction over Defendant Abdulqawi, who is alleged to be a California resident (SAC ¶ 5). The Court's jurisdiction analysis is not a finding that the claims are sufficiently pled.

### B. Default Judgment

#### 1. Service of Complaint

In reviewing a motion for default judgment, the Court must determine whether Defendant Abdulqawi was properly served with the summons and complaint. Fed. R. Civ. P. 4(c). Rule 4(e) of the Federal Rules of Civil Procedures allows for service of an individual by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). On November 4, 2024, a third-party process server personally served Defendant Abdulqawi with the SAC and summons. (ECF No. 42.)

#### 2. *Eitel* Factors

For the following reasons, the Court finds that the *Eitel* factors weigh against granting default judgment against Defendant. Specifically, the Court finds the SAC is deficient in several respects and fails to state a claim under the second and third *Eitel* factors. Moreover, Plaintiff has failed to cure the deficiencies identified in the March 11, 2024 Order where Plaintiff failed to sufficiently establish Defendant's use of Plaintiff's trademarks and the likelihood of confusion elements required to establish claims for trademark infringement and false designation of origin. *See* 3/11/2024 Order at 3-6.

The second and third *Eitel* factors, which are often analyzed together, consider the substantive merits of a plaintiff's claim and the sufficiency of its pleadings. *PepsiCo,*

7

*Inc.*, 238 F. Supp. 2d at 1175. The issue on default judgment is "whether the allegations in the complaint are sufficient to state a claim on which the [plaintiff] may recover." *Danning*, 572 F.2d at 1388. In reviewing a default judgment, a court must take the well-pleaded factual allegations of the complaint as true. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Id.*

Plaintiff asserts two claims in this action: (1) trademark counterfeiting and infringement under 15 U.S.C. § 1114, and (2) false designation of origin and unfair competition under 15 U.S.C. § 1125(a). SAC at 11-13. The Court addresses each in turn.

### a)     Trademark Infringement and Counterfeiting

To state a claim for trademark infringement, a plaintiff must adequately allege it is the owner of a valid, protectable mark, and the alleged infringer is using a similar mark that is likely to confuse. *See Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951 (9th Cir. 2007). Courts determine the likelihood of confusion by considering: (1) the strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) the evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and degree of care consumers are likely to exercise in purchasing them; (7) the intent of the defendant in selecting the mark; and (8) the likelihood that the parties will expand their product lines. *Lodestar Anstalt v. Bacardi & Co. Ltd.*, 31 F.4th 1228, 1252 (9th Cir. 2022) (citing *AMF Incorporated v. Sleekcraft Boats*, 599 F.2d 341, 348-54 (9th Cir. 1979), abrogated *on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792 (9th Cir. 2003)). When analyzing a claim brought under a counterfeiting theory, courts need not engage in a likelihood of confusion analysis because a defendant who "deliberately copies the dress of his competitors already in the field…raises a presumption that customers will be deceived." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (citations omitted). Instead, courts examine whether the defendant used a non-genuine mark identical to or substantially

indistinguishable from the plaintiff's registered, genuine mark, and the genuine mark was registered for use on the same goods to which the infringer applied the non-genuine mark. *Id.*

First, the SAC adequately alleges the existence of one or more valid trademarks to support Plaintiff's claim for trademark infringement and counterfeiting. The SAC alleges Plaintiff owns the following three registered trademarks: (1) U.S. Trademark Registration Number 6,633,884 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 011"; (2) U.S. Trademark Registration Number 6,174,292 for "the design plus words mark 'S' and its logo in association with goods further identified in the registration in international class 034"; and (3) U.S. Trademark Registration Number 6,174,291 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 034." SAC ¶ 10. Registration of a mark on the Principal Register in the Patent and Trademark Office constitutes prima facie evidence of the validity of the registered mark. *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 970 (9th Cir. 2007). However, even accepting all well-pled factual allegations as true as required for default judgment motions, the SAC does not allege sufficient facts to support plausible allegations that Defendant used Plaintiff's trademarks in an infringing or counterfeiting manner.

Second, despite being expressly warned that its prior complaint was deficient, the SAC lacks sufficient factual allegations to plausibly conclude Defendant used Plaintiff's trademarks. *GS Holistic, LLC v. Pudasaini,* 2024 WL 710890, at *4 (N.D. Cal. Feb. 21, 2024) (denying motion for default judgment where, among other things, plaintiff failed to specify which of its three trademarks was used); *GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *3 (C.D. Cal. Sept. 5, 2023) (same). The SAC states that on October 17, 2022, Plaintiff's investigator "observed that [Defendant's location] had an excess of Glass Infusers which displayed the Stündenglass Trademarks" and that the "investigator purchased a Glass Infuser with a Stündenglass Marks affixed to it, from

1  [Defendant Abdulqawi], for a cost of $349.99[.]" SAC ¶ 30. Although Plaintiff alleges that
2  all three trademarks were applied to the glass infuser purchased at Defendant's store,
3  and includes photographs of these trademarks, Plaintiff fails to address how one single
4  product could infringe on two different international classes of goods. While Plaintiff's
5  motion provides that Defendant's glass infuser includes all three trademarks and that
6  "Plaintiff's products are both glass infusers" that can be "used either for smoking
7  purposes or infusing foods and drinks" this does not adequately address how all three
8  trademarks are on Defendant's single product. Pl. Second Mot. at 11. In addition, review
9  of the photographs attached to the SAC indicates Defendant's product is utilized for
10 smoking and does not indicate it can be used as a food and beverage infuser. *Compare*
11 SAC (ECF No. 41-2), *with* SAC (ECF No. 41-1). Plaintiff also does not address this
12 discrepancy, which is problematic given Plaintiff seeks damages for infringement as to
13 all three trademarks. Thus, the SAC is deficient for lack of necessary facts. *See*
14 *DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. Pudasaini,* 2024 WL 710890, at
15 *4 (N.D. Cal. Feb. 21, 2024) (denying motion for default judgment where, among other
16 things, plaintiff failed to specify which of its three trademarks was used); *GS Holistic,*
17 *LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *3 (same).
18     Third, the SAC alleges Plaintiff's investigator purchased a glass infuser with
19 Stündenglass trademarks "affixed to it" from Defendant and that "it was a Counterfeit
20 product in that it displayed the Infringing Marks []." SAC ¶ 30. As pled, the SAC is vague
21 and conclusory as to the process Plaintiff's investigator undertook to confirm the
22 similarities in the trademarks and does not clarify, as other courts have noted, whether
23 Defendant is merely reselling Plaintiff's products and therefore not a counterfeit product,
24 which would not constitute an infringement. *See GS Holistic, LLC v. Ravens Smoke*
25 *Shop, Inc.*, 2023 WL 5504964, at *5 (citing *NEC Electronics v. CAL Circuit Abco*, 810
26 F.2d 1506, 1509 (9th Cir. 1987) (noting that the sale of a genuine trademarked product
27 by an unauthorized seller is not a violation of the Lanham Act)); *see also GS Holistic,*
28 *LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *5 (same). Further, mere assertions

that the glass infuser sold by Defendant is "a Counterfeit product in that it displayed the Infringing Marks" are conclusory and not taken as true. *See Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (the court is not required to accept as true legal conclusions in a complaint "merely because they are cast in the form of factual allegations"); *see also GS Holistic, LLC v. Cigarette Outlet Smoke Shop*, 2024 WL 519783, at *2 (E.D. Cal. Feb. 9, 2024) (denying plaintiff's motion for default judgment for, among other reasons, the complaint's reliance on conclusory statements that "the Glass Infuser [defendant] sold to Plaintiff's investigator was a Counterfeit Good with an Infringing Mark affixed to it").

Fourth, although the SAC alleges Defendant's "use of the counterfeit Stündenglass Trademarks began after the registration of the Stündenglass Trademarks" (SAC ¶ 34), it does not allege when this use allegedly began—much less provide any other details about Defendant's allegedly infringing actions. The Court cannot supply necessary facts that are omitted from the SAC. *See DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3 (E.D. Cal. Feb. 16, 2024) (rejecting plaintiff's default judgment motion where the complaint lacked details regarding the defendant's alleged use where only one instance was alleged); *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *4 (N.D. Cal. Aug. 25, 2023) (same).

Fifth, the SAC does not allege sufficient facts to support a plausible claim for infringement as to a consumer's likelihood of confusion. The SAC makes conclusory allegations stating that Defendant "used images and names identical to or confusingly similar to the Stündenglass Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods", the "Infringing Goods travel in identical channels of trade and are sold to identical consumers as Stündenglass genuine goods", and that the "Infringing Marks affixed to the Counterfeit Goods that [Defendant] has distributed, provided, marketed, advertised, promoted, offered for sale, and/or sold, is confusingly identical or similar to the Stündenglass Marks that [Plaintiff] affixes to its Glass Infusers." SAC ¶¶ 38-40. Such conclusory allegations lacking in factual support are insufficient for

purposes of default judgment. *See Paulsen*, 559 F.3d at 1071; *DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *4 (denying default judgment because the complaint failed to allege facts supporting a *Sleekcraft* analysis and relied on conclusory statements about the likelihood of confusion). While Plaintiff's motion makes passing reference to the *Sleekcraft* factors and provides photographs (*see* Pl. Second Mot. at 10 and ECF No. 45-5), like many other cases that have been brought by Plaintiff, there is no effort to apply the applicable legal standards to this case. *See, e.g., GS Holistic, LLC v. Linda*, 2023 WL 8878140, at *3 (E.D. Cal. Dec. 22, 2023) (denying motion for default judgment where, among other things, the motion relied on similarly conclusory assertions about the likelihood of confusion).

Finally, as to the alleged sale of a counterfeit good, the SAC fails to state a claim because it does not adequately allege that Defendant sold a counterfeit product. Instead, the SAC relies on wholly conclusory allegations, such as allegations that Defendant's glass diffuser "was a Counterfeit product in that it displayed the Infringing Marks." SAC ¶ 30. Nor does the SAC explain the types of goods Defendant has sold in the past, other than one glass infuser sold to Plaintiff's investigator on October 17, 2022. *Id*. Thus, the SAC is deficient on Plaintiff's counterfeit theory as well.

### b)  False Designation of Origin and Unfair Competition

To establish a claim for false designation of origin under 15 U.S.C. § 1125(a), a plaintiff must show the defendant used a false designation of origin in interstate commerce that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of defendants' goods or services. *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007). Claims for false designation of origin, as a type of unfair competition claim, are analyzed similarly to infringement claims because the "ultimate test" for these claims are the same: the public's likelihood of confusion. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (using the same likelihood of confusion test to analyze trademark infringement and false designation of origin claims);

*see also Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (considering false designation of origin claim as one of "unfair competition"); *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1122-23 (6th Cir. 1996) ("[F]alse designation is simply a species of unfair competition.") (citing *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 923 (Fed. Cir. 1995)).

Here, the Court has already determined the SAC is deficient on the likelihood of confusion element for the infringement claim. Plaintiff relies on the exact same allegations for its false designation of origin claim. Pl. Second Mot. at 10-11. Thus, the result is the same for the false designation of origin claim brought under 15 U.S.C. § 1125(a). *See Jada*, 518 F.3d at 632; *see also GS Holistic, LLC v. Puff N Go Gift Shop LLC*, 2023 WL 4146232, at *5 (N.D. Cal. June 22, 2023) (denying default judgment motion on plaintiff's false designation claim on the same grounds as on the infringement claim—for failure of the complaint to state sufficient claims and failure on the merits).

For the foregoing reasons, Plaintiff has failed to establish the second and third *Eitel* Factors and its motion for default judgment should be denied for failure to state a claim under 15 U.S.C. §§ 1114 and 1125(a).

### C. Federal Actions Related to Plaintiff's Stündenglass Trademarks

Plaintiff has brought many similar, if not identical, claims about its Stündenglass trademarks against other defendants. *See GS Holistic, LLC v. Mr Vape Smoke Shop*, 2024 WL 4545885, at *3 (E.D. Cal. Oct. 22, 2024) (collecting cases). Numerous courts in the Ninth Circuit have found vague and conclusory allegations made by Plaintiff to be insufficient to grant default judgment. *See GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3 (collecting cases where motion for default judgment was denied due to GS Holistic's wholly insufficient pleadings and motion); *GS Holistic, LLC v. Kings Smokeshop*, 2024 WL 150217, at *2 (E.D. Cal. Jan. 12, 2024) (denying motion for default judgment because the complaint "has not satisfied the second and third *Eitel* factors; i.e., the merits of plaintiff's substantive claim and the sufficiency of the complaint"); *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *5 ("[T]his Court

13

and other district courts in this Circuit have found similar (if not almost identical) allegations by GS Holistic equally insufficient"); *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *4 (C.D. Cal. July 10, 2023) ("As currently pled, these factual allegations are vague and conclusory, and need not be accepted as true."); *GS Holistic, LLC v. Alien Smoke Shop*, 2023 WL 3402589, at *1 (C.D. Cal. Mar. 17, 2023) ("Plaintiff's allegations of infringement here are insufficient to support a finding that defendants willfully infringed plaintiff's trademarks").

The undersigned is aware that other courts—including those in this district—have granted motions for default judgment on substantially similar complaints and motions filed by this Plaintiff. *See GS Holistic, LLC v. AA 110*, 2024 WL 2848455, at *7 (E.D. Cal. June 5, 2024) (granting motion for default judgment in part, but limiting damages to $5,000), report and recommendation adopted sub nom. 2024 WL 3396380 (E.D. Cal. July 12, 2024); *GS Holistic, LLC v. Nasher*, 2024 WL 1994702, at *1 (E.D. Cal. May 6, 2024) (same); *GS Holistic, LLC v. Habib's Disc.*, 2023 WL 8644103, at *7 (E.D. Cal. Dec. 14, 2023) (granting motion for default and awarding $75,000 in damages), report and recommendation adopted sub nom. 2024 WL 495139 (E.D. Cal. Feb. 8, 2024). The undersigned respectfully disagrees, and follows the approach of the many courts that have denied similar motions for default judgment brought by GS Holistic. *See, e.g., GS Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3; *GS Holistic, LLC v. Kings Smokeshop*, 2024 WL 150217, at *2; *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *5; *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *4; *GS Holistic, LLC v. Alien Smoke Shop*, 2023 WL 3402589, at *1.

### D.     Failure to State a Claim

District courts have discretion whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Where a complaint fails to state a claim, default judgment may not be entered. *See Aldabe*, 616 F.2d at 1092 (affirming the district court's denial of default judgment where plaintiff's claims lacked merit); *DirecTV, Inc.*, 503 F.3d at 854-56 (holding "[t]he district court properly refused to grant default

judgment" where a plaintiff's complaint was not well-pleaded and instead provided only "legal conclusions" that were "not held to have admitted through default."). Accordingly, because Plaintiff has failed to state a claim as to trademark counterfeiting and infringement under 15 U.S.C. § 1114, and false designation of origin and unfair competition under 15 U.S.C. § 1125(a), the Court recommends default judgment be DENIED.

### E. Dismissal without Leave to Amend

Plaintiff has failed to cure the deficiencies of its claims despite being informed of the deficiencies and being provided ample opportunity to do so. *See* 3/11/2024 Order. Accordingly, the Court finds further amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (affirming district court's dismissal with prejudice "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, 'the district court's discretion to deny leave to amend is particularly broad.'"). Here, Plaintiff's SAC continues to rely on conclusory allegations that are insufficient to state a claim despite awareness of the applicable legal standards and deficiencies in its prior pleading. Therefore, the Court recommends Plaintiff's SAC be DISMISSED without leave to amend.

### IV. CONCLUSION

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 45) be DENIED;
2. The Second Amended Complaint (ECF No. 41) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should

be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 21, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, gsho0286.23