UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS Holistic, LLC, | No. 1:23-cv-00286-KJM-CSK |
| Plaintiff, | ORDER |
| v. | |
| Shaibi Abdulqawi, individually and d/b/a J's Smoke Shop, | |
| Defendant. | |

On July 22, 2025, the assigned magistrate judge issued findings and recommendations, Findings & Recommendations (F&Rs) ECF No. 50, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days.  The magistrate judge recommends denying plaintiff GS Holistic's motion for default judgment, finding the complaint does not state a claim and recommending it be dismissed without leave to amend.

On August 5, 2025, plaintiff filed objections to the findings and recommendations, Objs., ECF No. 51, objecting that the Second Amended Complaint sufficiently states two claims under the Lanham Act for Trademark Counterfeiting and Infringement under 15 U.S.C. § 1114 and False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a).  *Id.* at 1–4. Plaintiff further objects that dismissal without leave to amend would be inappropriate.  *Id.* at 4.

Under 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. The court has reviewed the file, including plaintiff's objections, and **declines** to adopt the filed findings and recommendations. After reviewing the record and briefing, as explained below, the court **grants plaintiff's motion for default judgment in part and denies the motion in part**.

## I.  BACKGROUND

Plaintiff brings claims under the Lanham Act against defendant Shabibi Abdulqawi individually and doing business as J's Smoke Shop, who allegedly marketed and sold glass infusers and related accessories bearing plaintiff's "Stüdenglass" trademark and two other related trademarks. Sec. Am. Compl. (SAC) ¶¶ 25–27, ECF No. 41. On October 17, 2022, plaintiff alleges its investigator purchased a counterfeit glass infuser from defendant bearing plaintiff's trademarks. *Id.* ¶¶ 31–33. Plaintiff seeks monetary damages, restitution and an injunction, among other relief.

On January 16, 2025, plaintiff requested entry of default as to defendant, which the clerk of court entered on January 22, 2025. *See* Req., ECF No. 43; Clerk's Entry, ECF No. 44. On January 27, 2025, plaintiff filed the pending motion for default judgment addressed by the magistrate judge's findings and recommendations. *See generally* Mot. Defendant did not respond to the motion or the court's orders to respond or file a notice of non-opposition. *See* Order (March 3, 2025), ECF No. 48.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Instead, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The district court's discretionary decision is guided by the so-called *Eitel* factors:

> (1) [T]he possibility of prejudice to the plaintiff[;] (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

## III. ANALYSIS

Plaintiff has pursued many actions like this one, which often have resulted in default judgments, and federal district courts in many states and judicial circuits have written detailed orders in resolving motions for default judgment in similar cases.[1] The lion's share of these decisions, at least those that are available on databases like Westlaw and Lexis, come from district courts within the Ninth Circuit.[2] Indeed, this court previously granted GS Holistic's

---

[1] *See generally, e.g.*, *GS Holistic, LLC v. Sublime Smoke & Vape LLC*, No. 23-241, 2024 WL 1316251 (E.D. Tex. Mar. 12, 2024), *report and recommendation adopted*, 2024 WL 1326032 (E.D. Tex. Mar. 27, 2024); *GS Holistic LLC v. Vilet Z LLC*, No. 23-0781, 2024 WL 113779 (E.D. Wis. Jan. 10, 2024); *GS Holistic, LLC v. Purple Haze of Seminole, LLC*, No. 22-2113, 2023 WL 3629705 (M.D. Fla. May 8, 2023), *report and recommendation adopted*, 2023 WL 3620654 (M.D. Fla. May 24, 2023); *see also GS Holistic, LLC v. Vaportoke, Inc.*, No. 23-01513, 2023 WL 6439266, at *1 (D. Colo. Sept. 27, 2023) (remarking on some defendants' "frustration with the nature of the cookie-cutter, boiler-plate nature of the many complaints, none of which contained any meaningful individualized detail").

[2] *See, e.g.*, *GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322 (N.D. Cal. May 22, 2023); *GS Holistic, LLC v. AA 110*, No. 2:22-CV-02037-WBS-CKD, 2024 WL 2848455 (E.D. Cal. June 5, 2024), *report and recommendation adopted sub*

3

1    motion for default judgment and awarded $5,000 against defendant Morad Nasher in a
2    substantially similar case with a comparable record. *See GS Holistic, LLC v. Nasher*, No. 1:23-
3    CV-00285-KJM-JDP, 2024 WL 1994702 (E.D. Cal. May 6, 2024). For essentially the same
4    reasons articulated in *GS Holistic, LLC v. Nasher*, the court here grants plaintiff's motion for
5    default judgment in part and denies the motion in part.

6           A.      *Eitel* Factors

7           The court proceeds to an analysis of plaintiff's second amended complaint, beginning with
8    the second and third *Eitel* factors. *Eitel*, 782 F.2d at 1471–72. The second and third factors are
9    considered together because the merits and sufficiency analyses are closely related and because
10   the same standard applies for demonstrating trademark infringement and false designation and
11   unfair competition under the Lanham Act. *See, e.g.*, *Sebastian Intern., Inc. v. Longs Drug Stores*
12   *Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995); *Grey v. Campbell Soup Co.*, 650 F. Supp. 1166, 1173
13   (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under § 32(1),
14   15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a),
15   15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same.").
16   Plaintiff alleges ownership of registered marks associated with its products, continuous use since
17   2020, and widespread consumer recognition. SAC ¶¶ 6–11. Plaintiff further alleges defendant
18   sold counterfeit products using marks that are identical or substantially indistinguishable from
19   plaintiff's marks. *Id.* ¶ 28. Taking these factual allegations as true, as the court must do at this
20   stage, they are sufficient to state claims for trademark infringement and false designation and
21   unfair competition under the Lanham Act. *See, e.g.*, *Rearden LLC v. Rearden Commerce, Inc.*,
22   683 F.3d 1190, 1202 (9th Cir. 2012); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124–26
23   (9th Cir. 2014). The second and third *Eitel* factors therefore weigh in favor of default judgment.

---

*nom. GS Holistic, LLC v. Unlimited Smoke & Vape Paradise*, No. 2:22-CV-02037-WBS-CKD, 2024 WL 3396380 (E.D. Cal. July 12, 2024); *GS Holistic, LLC v. Habib's Disc.*, No. 1:23-CV-00288 DAD AC, 2023 WL 8644103 (E.D. Cal. Dec. 14, 2023), *report and recommendation adopted sub nom. GS Holistic, LLC v. Habib Smoke Shop*, No. 1:23-CV-00288-DAD-AC, 2024 WL 495139 (E.D. Cal. Feb. 8, 2024).

1    The first, fourth, fifth, sixth and seventh *Eitel* factors also weigh in favor of default judgment on both of plaintiff's claims. Defendant was properly served, *see* ECF Nos. 20, 31, 33, 42, 49, but did not respond. Thus, it appears defendant's default was not entered due to excusable neglect. When accepting plaintiff's allegations as true, as the court must do, there is little possibility of a dispute concerning material facts. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Finally, defendant has not appeared in this action and plaintiff therefore has no recourse for obtaining relief absent default judgment. While decisions on the merits are favored by district courts under the Federal Rules of Civil Procedure, a decision on the full merits can be impossible to reach where the defendant does not take part in the action. *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Accordingly, the *Eitel* factors weigh in favor of default judgment and the court **grants default judgment** in favor of plaintiff.

### B.     Appropriate Relief

Finding plaintiff is entitled to default judgment on its claims, the court next addresses appropriate relief. Plaintiff seeks attorneys' fees and $946.99 in costs, $150,000 in statutory damages and postjudgment interest under 28 U.S.C. § 1961. *See* Mot. at 8, 24. Plaintiff also seeks equitable relief in the form of a permanent injunction and destruction of infringing goods. *Id.* at 25.

#### 1.     Costs and Attorneys' Fees

Plaintiff requests $402 for the court's filing fee, $130 for effecting service and $414.99 in investigation fees. *See* Mot. at 24. Plaintiff's attorney submits a declaration supporting plaintiff's "reasonabl[e] estimates" of the costs associated with this matter. Leon Decl. ¶ 8, ECF No. 45-3. The court finds the $402 filing fee and $130 process server fee appropriate but **denies** the $414.99 investigation fee. Under 15 U.S.C. § 1117(a), as plaintiff's counsel should know, a plaintiff cannot recover costs incurred before an action is filed. *See GS Holistic, LLC v. MSA-Bossy Inc.*, No. 22-CV-07638-JSC, 2023 WL 3604322, at *6 (N.D. Cal. May 22, 2023) (denying plaintiff's

5

1   request for investigation fees because "[t]he plain language of 'the costs of the action,' 15 U.S.C.
2   § 1117(a), is limited to costs incurred after 'the action'—the court case—has begun"); 15 U.S.C.
3   § 1117(a).

4       Plaintiff also asserts it is entitled to attorneys' fees under 15 U.S.C. § 1117(a), which
5   allows a prevailing party in a trademark infringement case to recover attorneys' fees "in
6   exceptional cases." *See* Mot. at 23. Plaintiff, however, does not explain why this case is
7   "exceptional" under § 1117(a) or provide any insight into the attorneys' fees incurred; instead,
8   counsel explains "[u]pon granting of this Motion, Plaintiff will be filing its Motion for Attorneys'
9   Fees." *Id.* at 24. The court declines to preemptively grant a motion for attorneys' fees or
10  otherwise indicate how it might decide a motion for attorneys' fees without the necessary
11  briefing. As such, the court **denies without prejudice** plaintiff's request for attorneys' fees and
12  costs.[3] Plaintiff may make a renewed request for costs after judgment has been entered. That
13  request may include the filing fee and process server fee the court has found above are
14  appropriate.

15          **2.   Damages**

16      District courts are divided in substantially similar matters regarding the proper amount of
17  any statutory damages. There are two general schools of thought. In one, courts have awarded
18  larger damages sums, typically on the order of $50,000 per infringed mark. These courts
19  emphasize GS Holistic's allegations of willful infringement, its allegations of widespread
20  counterfeiting and the need to effectively deter future infringement. *See, e.g.*, *GS Holistic, LLC v.*
21  *Cali Smoke Depot LLC*, No. 22-06679, 2023 WL 4206101, at *7 (C.D. Cal. Feb. 23, 2023).
22  Courts in the second group have awarded lower awards, usually a few thousand dollars. These
23  courts have paid closer attention to the small amount of any lost profits as reflected in the record,
24  as well as the small number of allegedly infringing sales—often just one transaction—, and
25  determined that one defendant cannot be held to account for the actions of another. *See, e.g.*, *GS*

---

[3] The court finds it best to ultimately address all of plaintiff's requests, for the filing and service fees, attorneys' fees and others as well, in a single order to be issued in the future upon receipt of complete briefing.

*Holistic, LLC v. Maharjan*, No. 23-00750, 2024 WL 1007422, at *5 (N.D. Cal. Feb. 7, 2024). The court finds the reasoning of this second group of decisions most persuasive.

Plaintiff's request for damages of $150,000 appeals to the rationale of the many district courts in the first group summarized above: a large award is necessary to ensure damages are an effective deterrent rather than simply set at the price of doing business. *Compare* Mot. at 21 (asserting "damages of $150,000 are reasonable since the actual damages to the business are far in excess of this amount") *with, e.g., Cali Smoke Depot*, 2023 WL 4206101, at *7 ("$150,000 in statutory damages is sufficient to compensate Plaintiff for the infringement alleged in the Complaint, and is also adequately high to deter Defendant Cali Smoke Depot from committing future wrongful conduct.").

This court is not persuaded. A $150,000 award is hundreds of times greater than the alleged sales price of the counterfeit item evident in the record of this case. The complaint's allegations include no details to support plaintiff's extrapolations based on average profits and weekly sales over the course of subsequent years. If a particular defendant has sold many counterfeit products and likely will continue to profit handsomely from similar sales in the future, then GS Holistic could have included good-faith allegations to that effect in its complaint, but it did not. The court will not award $150,000 based on a single alleged sale, with a price tag of approximately $350, and based on mere hypothetical future harm. *See* SAC ¶ 30. An award of $5,000—more than ten times greater than the alleged loss here—will both compensate plaintiff for its loss and is sufficient to deter future wrongdoing.

### 3. Equitable Relief

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). To obtain a permanent injunction, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be

1    disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391

2    (2006).  Moreover, "[o]nce the plaintiff establishes a likelihood of confusion, it is ordinarily

3    presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted." *Vision*

4    *Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 612 n.3 (9th Cir. 1989).

5        The court finds plaintiff's requested permanent injunction is not warranted here.  The

6    scope of relief plaintiff seeks goes well beyond the infringing conduct alleged in the complaint,

7    sweeping in activities including "[i]mport, export, making, manufacture, reproduction, assembly,

8    use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage,

9    shipment, licensing, development, display, delivery, marketing advertising or promotion." Mot.

10   at 27–28.  Plaintiff also requests the injunction apply to "all persons acting in concert or

11   participating with [defendant]." *Id.*  While plaintiff is entitled to a rebuttable presumption of

12   irreparable harm, *Vision Sports*, 888 F.2d at 612 n.3, the court finds a single sale of a counterfeit

13   object cannot support the imposition of a permanent injunction so broad in scope and

14   applicability.  The court therefore **declines to enter a permanent injunction at this time**.

15       Plaintiff also seeks an order under 15 U.S.C. § 1118 requiring destruction of all items

16   bearing any of the Stüdenglass marks.  But as other courts have explained, isolated sales or

17   limited infringing conduct do not warrant such a sweeping remedy.  *See, e.g.*, *GS Holistic, LLC v.*

18   *Iman Corp. Inc.*, No. C23-0315JLR, 2024 WL 1012896, at *7 (W.D. Wash. Mar. 8, 2024).

19   Without evidence supporting a different conclusion here, the court **denies** plaintiff's request for

20   delivery and destruction under § 1118.

21       **4.**    **Post Judgment Interest**

22       "Under the provisions of 28 U.S.C. § 1961, post judgment interest on a district court

23   judgment is mandatory." *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288,

24   290 (9th Cir. 1995).  Under § 1961(a), "[s]uch interest shall be calculated from the date of the

25   entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury

26   yield, as published by the Board of Governors of the Federal Reserve System, for the calendar

27   week preceding the date of the judgment." Accordingly, plaintiff is entitled to post-judgment

28   interest in this matter, calculated as articulated in § 1961(a).

## IV. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. The court **declines** to adopt the magistrate judge's findings and recommendations filed on July 22, 2025. ECF No. 50.

2. Plaintiff's motion for default judgment, ECF No. 45, is **granted in part and denied in part as follows**:

    a. the motion is granted as to plaintiff's claims against defendant Shaibi Abdulqawi, individually and doing business as J's Smoke Shop; and

    b. the balance of the motion is denied.

3. Judgment is entered against defendant Abdulqawi individually and d/b/a as J's Smoke Shop in the amount of $5,000.

4. Plaintiff's request for costs and attorneys' fees is denied without prejudice to filing a renewed, complete motion under Local Rule 292. Any motion for costs and attorneys' fees is referred back to the assigned magistrate judge for consideration in the first instance and preparation of findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Local Rules 303, 304.

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: September 23, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE